**F I L E D**
United States Court of Appeals
Tenth Circuit

**JUN 9 1997**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

In re: EWC, INC.,

    Debtor,

---

GARY L. MORRISSEY, Trustee for
EWC, Inc.,

    Appellant,

v.

INTERNAL REVENUE SERVICE,

    Appellee.

No. 95-6391

---

**Appeal from the United States District Court**
**for the Western District of Oklahoma**
**(D.C. No. CIV-94-652-L)**

---

Gary L. Morrissey of Mahaffey & Gore, P.C., Oklahoma City, Oklahoma, for
Appellant.

Jonathan S. Cohen, Department of Justice, Washington, D.C. (Kenneth W.
Rosenberg with him on the briefs) for Appellee.

---

Before **SEYMOUR**, **PORFILIO** and **LUCERO**, Circuit Judges.

---

**LUCERO**, Circuit Judge.

This appeal concerns a C corporation's use of the cash accounting method to calculate its 1989 taxable income in violation of 26 U.S.C. § 448. Despite using a prohibited accounting method, the taxpayer's return clearly reflected taxable income. At issue is whether § 448 requires the IRS, in its audit of the taxpayer's 1989 return, to treat the taxpayer as an accrual method taxpayer, regardless of the accounting method the taxpayer actually used. The bankruptcy and district courts held that although § 448 prohibits the taxpayer from using the cash accounting method to prepare its 1989 return, it does not prohibit the Commissioner of Internal Revenue from assessing taxes based on a return prepared under the cash accounting method when that method had always been used by the taxpayer and clearly reflected income.

The taxpayer in this case, EWC, sold extended service warranty contracts for electronic products. In 1991, EWC filed a voluntary petition for bankruptcy under Chapter 11 of the Bankruptcy Code. The IRS, as one of EWC's creditors, filed a claim for $2,971,799.02. The claim resulted from the IRS's pre-petition audit of EWC's tax returns for 1987, 1988, and 1989.

The bankruptcy trustee, Morrissey, objected to the IRS's claim. He argued that the IRS had incorrectly disallowed numerous deductions to which EWC, as an accrual method[1] taxpayer, was entitled. The IRS disallowed the deductions

_____

[1]Under the accrual method of accounting, income is recognized in the "year when
(continued...)

- 2 -

because it determined that EWC actually used the cash method[2] of accounting in the preparation of its tax returns.

To resolve whether EWC used the cash or accrual method of accounting, the bankruptcy court held two hearings. It heard conflicting evidence. Gordon Henderson, who maintained EWC's books and records through 1987 and prepared EWC's tax returns from 1985 to 1989, testified that he set up EWC's initial accounting system, recommended that EWC adopt the accrual method of accounting, and, allegedly, used an accrual method of accounting to prepare EWC's 1985-89 returns. EWC marked on its first corporate tax return in 1985 and on every return through 1989 that it used the accrual method of accounting. Randy Webb, who kept EWC's books and records for 1988 and 1989, testified that he employed a hybrid method of accounting in maintaining EWC's internal books, using the accrual method for the general ledger and the cash method for the accounts receivable, sales, and warranty claim reserves. The IRS agent who audited EWC's returns testified that she determined that EWC had not used the

[1](...continued)
all events have occurred that fix the right to receive the income and the amount of the income can be determined with reasonable accuracy." 26 C.F.R. § 1.446-1(c)(ii). Expenses are deducted in the "year in which all the events have occurred that establish the fact of the liability, the amount of the liability can be determined with reasonable accuracy, and economic performance has occurred with respect to the liability." Id.

[2]Under the cash method of accounting, income is recognized in the taxable year in which it is actually or constructively received, and expenses are deducted in the taxable year in which they are actually paid. 26 C.F.R. § 1.446-1(c)(i).

accrual method of accounting for the years in question "because its books and records were substantially maintained on the cash method; no adjusting entries were made to [EWC's] books to convert the accounting to an accrual basis for reporting purposes; and the numbers in the internal book and records were mirrored in [EWC's] tax returns . . . ." Appellant's App. at 22. It was the opinion of the IRS agent that both the cash and accrual methods would clearly reflect EWC's income.

After considering this and other evidence, the bankruptcy court ruled that despite the indication on EWC's tax returns that it used the accrual method of accounting, it actually used the cash method of accounting for the years in question. The bankruptcy court rejected the trustee's argument that § 448 required the IRS to consider EWC to be on the accrual method of accounting for 1989. The trustee did not appeal the bankruptcy court's factual determination that EWC actually used the cash method of accounting in preparing its 1987, 1988, and 1989 tax returns. Rather, the trustee appealed only the bankruptcy court's legal conclusion that § 448 did not require the IRS to use the accrual accounting method to calculate EWC's tax liability for 1989. The district court affirmed the bankruptcy court's order. The trustee appeals.

We review the legal decisions of the bankruptcy and district court de novo. Phillips v. White (In re White), 25 F.3d 931, 933 (10th Cir. 1994). We note,

- 4 -

however, that the Commissioner of Internal Revenue has broad discretion to determine the propriety of a taxpayer's method of accounting. The Commissioner's allowance of a particular method of accounting will not be disturbed unless it is plainly arbitrary. See Thor Power Tool Co. v. Commissioner of Internal Revenue, 439 U.S. 522, 532-33 (1979).

The trustee argues on appeal that § 448 requires the IRS to treat EWC as an accrual method taxpayer for 1989. "In interpreting the meaning of the words in a revenue act, we look to the ordinary, everyday senses of the words." Commissioner of Internal Revenue v. Soliman, 113 S. Ct. 701, 705 (1993) (quotations omitted). Section 448 states: "Except as otherwise provided in this section, in the case of a—(1) C corporation, (2) partnership which has a C corporation as a partner, or (3) tax shelter, taxable income shall not be computed under the cash receipts and disbursements method of accounting." 26 U.S.C. § 448(a). This rule does not apply to farming businesses, qualified personal service corporations, and corporations or partnerships with average gross receipts of less than $5,000,000. 26 U.S.C. § 448(b)(3). Absent one of these exceptions, the plain language of § 448 bars a C corporation from using the cash accounting method to compute its taxable income. Yet, this is precisely what EWC did.

1989 was the first year in which EWC's gross receipts exceeded $5,000,000. Section 448(a) clearly prohibited EWC from using the cash

accounting method to calculate its 1989 taxable income. EWC tells us it believed that it had always used the accrual method of accounting and that § 448(a), therefore, did not require a change in its method of accounting. The bankruptcy court ruled, however, that EWC had used the cash accounting method to calculate its 1989 taxable income, in violation of § 448—a ruling that has been not appealed.

At no point has EWC attempted to correct its improper use of the cash method, either by filing an amended return or by otherwise adopting another accounting method.[3] Given EWC's violation of § 448 and its failure to correct its error, we find disingenuous the trustee's arguments on appeal that the IRS has "imposed" a prohibited accounting method on EWC, and "ordered" EWC to use an illegal accounting method in preparing its 1989 tax return. In reality, the IRS has done no more than accede to EWC's use of the cash method and compute the tax deficiency pursuant to that method.

The trustee does not dispute that the cash method of accounting clearly reflected EWC's 1989 taxable income. We agree with the district court that the

---

[3]Other than EWC's assertion that the cash method of accounting is improper, the record does not indicate that EWC has demonstrated "that there would be no deficiency, or a smaller deficiency, if its tax liability were redetermined using the accrual method." In re Sperling, 341 F.2d 201, 204 (2d Cir. 1965). Thus, we need not decide whether such a redetermination by the taxpayer would have been an appropriate response to the Commissioner's deficiency notice.

IRS appropriately exercised its discretion to audit EWC using the cash method, because that method clearly reflected EWC's 1989 taxable income and had been consistently used by EWC.[4] See 26 C.F.R. Part 1, § 1.446-1(c)(2)(ii) (allowing Commissioner to "authorize a taxpayer to continue the use of a method of accounting consistently used by the taxpayer, even though not specifically authorized by the regulations in this part, if, in the opinion of the Commissioner, income is clearly reflected by the use of such method"); see also In re Sperling, 341 F.2d 201, 204 (2d Cir. 1965) (holding that where the taxpayer used a rational but improper accounting method, IRS "may choose to let it stand and pursue only specific deficiencies within it").

Contrary to the trustee's argument, § 448 does not require the IRS to place EWC on the accrual method. Section 448 only prohibits taxpayer use of the cash accounting method; it does not mandate use of the accrual method. Moreover, § 448(d)(7) contemplates that the taxpayer, not the IRS, is responsible for making necessary changes in accounting methods. See 28 U.S.C. § 448(d)(7) ("In the case of any taxpayer required by this section to change its method of accounting . . ."). We need not resolve whether IRS consent would be necessary for EWC to

---

[4]We assume for purposes of this appeal that EWC consistently used the cash method, because the trustee has not appealed the bankruptcy court's factual determination that EWC used the cash method on its 1987, 1988, and 1989 tax returns.

change to the accrual method, because the IRS has not withheld its consent, and EWC has not attempted to change accounting methods without consent.

AFFIRMED.