JEANETTE KARP, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Karp v. Commissioner
Docket No. 236-75.
United States Tax Court
T.C. Memo 1976-91; 1976 Tax Ct. Memo LEXIS 313; 35 T.C.M. (CCH) 390; T.C.M. (RIA) 760091; March 23, 1976, Filed Jeanette Karp, pro se. Robert E. Dallman, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined a deficiency of $273.00 in petitioner's 1973 Federal income tax. The only issue to be decided is whether petitioner is entitled to deduct the cost of moving from San Francisco, California, to Arlington, Virginia. All of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner resided in Chevy Chase, Maryland, at the time her petition was filed. Her 1973 Federal income tax return was filed with the district director of internal revenue in San Francisco, California. Petitioner is a self-employed free-lance court stenotype reporter. Originally a resident of Washington, D.C., she moved to San Francisco in December, 1970. Some time thereafter she grew unhappy with conditions in San Francisco and became homesick for the Washington area. *315 She moved from San Francisco to Arlington, Virginia, on May 7, 1973. The expenses she incurred in connection with that move amounted to $1,298.06. Unfortunately, homecoming was not the pleasure petitioner anticipated. She leased an apartment in Arlington which, unbeknownst to her, was beneath one of the aircraft approaches to National Airport. Petitioner's business required her to do much of her work at home, and she found both living and working in the apartment difficult because of the sound of aircraft passing overhead. In addition, she was distressed at the amount of air pollution she encountered. On October 9, 1973, petitioner moved back to San Francisco. She considered moving to another location around Washington but did not do so because she felt that other locations were inconvenient or unsafe. Section 217 [1] allows a deduction for "moving expenses paid or incurred during the taxable year in connection with the commencement of work by the taxpayer * * * as a self-employed individual at a new principal place of work." Respondent does not deny that the expenses in question were incurred and are of the sort generally deductible under this section. He contends that any deduction *316 is precluded by section 217(c)(2)(B), which conditions deductibility on proof that a self-employed person worked full-time in the general location of her new principal place of work during 39 weeks in the 12 months following the move, and during 78 weeks in the 24 months following the move. Petitioner worked in the Washington area for less than 23 weeks before returning to San Francisco. [2] She, therefore, does not meet either of the durational tests prescribed by the statute, and respondent's position must be sustained. *317 Petitioner refers to the provision (section 217(d) (1)(A)) waiving compliance with the 78- and 39-week tests if the taxpayer is disabled. She suggests that her inability to work adequately in her Arlington apartment amounted to a disability. However, we believe that disability, for the purposes of section 217, means at least that the taxpayer is physically or mentally unable, in a medical sense, to work anywhere in the general location of her new principal place of work. [3] Petitioner does not claim she was unable to work anywhere else in the Washington area; she decided against a local move for other reasons. Petitioner may not deduct the cost of her move under section 217. *318 Alternatively, petitioner claims that 50 percent of her moving costs are deductible as business expenses under section 162. It has been her practice for some time to deduct half of her expenditures for such items as rent, utilities, and moving on the ground that approximately half the use of her living quarters was business-related. Respondent has conceded that 25 percent of the moving expense she incurred is deductible as the cost of transporting her business equipment. The general rule is that the expense of moving personal effects from one business location to another is not deductible. Lloyd G. Jones,54 T.C. 734 (1970), affd. 444 F.2d 508 (5th Cir. 1971). Although Jones involved the moving expenses of an employee, we see no reason to apply a less strict standard to a self-employed person.[4] We do not understand petitioner to challenge that rule; rather, it is in effect her position that fully half her moving expense relates to the transportation of business property. It is clear that she relies on the conclusion that some or all of her furniture and effects had both business and personal use, so that the cost of moving them should be apportioned *319 accordingly. However, the record does not permit us to hazard a guess as to the proper allocation of moving cost to business use of particular items. Petitioner has the burden of showing the amount she is entitled to deduct. Rule 142, Tax Court Rules of Practice and Procedure. That respondent may not have challenged previous claims to a 50-percent section 162 deduction for moving costs does not show that the deduction was proper or prevent him from raising such a challenge now. Walker v. Commissioner,362 F.2d 140, 142-143 (7th Cir. 1966); William K. Coors,60 T.C. 368, 406 (1973), affd. 519 F.2d 1280 (10th Cir. 1975). We are unable to conclude that any amount in excess of the 25 percent conceded by respondent was expended for the transportation of business property. Decision will be entered under Rule 155.[5]
*320 Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue. ↩
2. Petitioner also deducted the cost of this second move on her 1973 return. It appears from the record that she moved back to the Washington, D.C., area in 1974 and, therefore, it seems that she is not entitled to deduct the full amount claimed. Respondent does not challenge this second deduction, presumably because of section 217(d). Under that provision, petitioner may be required to add the amount incorrectly deducted to her income in the later year when it becomes impossible for her to satisfy the durational requirements of section 217(c)(2), unless she files an amended return for 1973 on which she does not claim the deduction. See section 1.217-2(d)(3), Income Tax Regs. There is nothing to indicate that petitioner has yet filed such an amended return. An entry of decision in this case may preclude petitioner from disclaiming the deduction (and accepting an increase in tax) for 1973 rather than reporting the amount of the deduction as income in a subsequent year (which year is not before us). Petitioner will be afforded the opportunity to make an appropriate choice↩ in connection with the Rule 155 computation. Such computation may also be used as a vehicle for allowance of part of such expense as a deduction under section 162 along the lines of respondent's concession herein in respect of the expenses of moving from San Francisco to Arlington.
3. Section 1.217-2(d)(1), Income Tax Regs., imports the definition of disability contained in section 72(m)(7) of the Code and section 1.72-17(f) of the regulations, which requires that the taxpayer be permanently or indefinitely unable to engage in any substantial gainful activity. Section 1.72-17(f)(4), Income Tax Regs.↩, adds that no disability exists if productive ability can be regained with "reasonable effort and safety." We need not now decide whether under section 217 such a disability, albeit confined to a geographically restricted area, could be recognized.
4. In amending section 217 to permit a moving expense deduction for self-employed individuals, the Senate Finance Committee stated that such persons "today do not qualify for any moving expense deduction." S. Rept. No. 91-552 (1969), p. 110, 1969-3 C.B. 423↩, 494.
5. There is an indication in the record that petitioner may have paid $461.30 in addition to the amount of tax shown on her 1973 return. Presumably this will be dealt with in connection with the Rule 155 computation. See also footnote 2, supra.↩