SIG MILLER AND LILLIAN MILLER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Miller v. Commissioner
Docket No. 6529-80.
United States Tax Court
T.C. Memo 1982-491; 1982 Tax Ct. Memo LEXIS 254; 44 T.C.M. (CCH) 957; T.C.M. (RIA) 82491; August 25, 1982. *254 Held: (1) Deduction for automobile expoenses disallowed for failure to satisfy substantiation requirements of section 274(d) and for failure to adduce any evidence as to what portion of the deduction claimed is allocable to local transportation expenses. (2) Deduction for entertainment expense disallowed for failure to meet substantiation requirements of section 274(d). (3) Charitable contributions in excess of amount allowed by respondent not proved. Sig Miller, pro se. Michael R. Morris, for the respondent. IRWIN
MEMORANDUM FINDINGS OF FACT AND OPINION IRWIN, Judge: Respondent determined a deficiency in petitioners' Federal income tax for the year 1977 in the amount of $806. Respondent has conceded that petitioners are entitled to a deduction for telephone expenses in the amount of $300. Therefore, the issues remaining for decision are whether petitioners are entitled to: (1) a deduction for automobile expenses, under section 162[1] and 274; (2) a deduction for entertainment expenses, under sections 162 and 274; and (3) a deduction for charitable contributions in any amount greater than the $44 allowed by respondent in the statutory notice of deficiency, under section 170. *255 [2] FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts together with exhibits attached thereto are incorporated herein by this reference. Petitioners timely filed a Federal income tax return for the year 1977. At the time the petition herein was filed, they resided in Woodland Hills, California. Petitioner Sig Miller (Miller) was employed by Zip Kit, Inc. (Zip Kit) as an outside salesman, during the taxable year 1977. In 1977 Miller also was a member of the board of directors and the secretary of Zip Kit. In his capacity as an outside salesman for Zip Kit, Miller was required to travel throughout the United States. Pursuant to a corporate resolution dated April 10, 1973, officers of Zip Kit were reimbursed for travel expenses incurred on behalf of the corporation at the rate of $35 per day. The reimbursement of $35 *256 per day was received by each officer for each day that he was "out of town," regardless of how much he actually had spent. While Miller was traveling on behalf of Zip Kit, he maintained no daily log of reimbursements that he received or of expenses paid by him. Miller was accompanied by his wife on a trip that commenced in June 1977 and extended over approximately 2 months. For part of the trip, Mrs. Miller made notations in a daily calendar generally consisting of petitioners' location each day and the weather conditions. [3]
Miller owned three automobiles in 1977: a 1973 Chrysler New Yorker, a 1971 *257 Cadillac, and a 1976 Chevrolet. Zip Kit, however, provided Miller the use of a 1974 Mercedes, when it was neither being repaired nor being used by another employee. When the 1974 Mercedes was unavailable for Miller's use, he used one of his own automobiles for business purposes. In addition, Miller occasionally lent one of his own automobiles and a gasoline credit card to clients of Zip Kit who came from out-of-town. Miller did not keep a record of the amount of business mileage logged on his automobiles by clients or by himself. Using the standard mileage rate, as opposed to itemizing operating and fixed costs allocable to business mileage, petitioners claimed a deduction in the amount of $2,550 (15,000 miles at 17 cents per mile) for automobile expenses on their 1977 tax return. Respondent disallowed the entire deduction. Each year Miller gave a Christmas party at his home to which he invited local business people who were his customers, employees of Zip Kit, and members of his family. Petitioners maintained no diary, account book, or similar record of entertainment expenses. On their tax return, petitioners claimed a deduction in the amount of $1,080 for entertainment expenses. *258 Respondent disallowed the deduction in full. Petitioners claimed a deduction for charitable contributions in the amount of $550. Respondent disallowed $506 of the deduction. OPINION All the issues in this case concern the extent to which petitioners have substantiated the deductions claimed by them. Petitioners, of course, have the burden of proving respondent's determinations are erroneous. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.[4]
The first two issues for decision are (1) whether petitioners are entitled to a deduction for automobile expenses claimed by them as employee business expenses *259 and (2) whether petitioners are entitled to a deduction for entertainment expenses claimed by them as employee business expenses. Both deductions are within the ambit of section 274. Section 162(a) allows as a deduction all the ordinary and necessary expenses incurred during the taxable year in carrying on a trade or business. Section 274(d), [5] *261 however, imposes strict substantiation requirements in the case of traveling and entertainment expenses, otherwise deductible under section 162, that must be satisfied before a deduction can be allowed. Specifically, for travel expenses, section 1.274-5(b)(2), Income Tax Regs., provides that the taxpayer must prove the dates of departure and return, the destinations, and the business purpose of the travel. He must also prove the amount of each separate expenditure, but may aggregate the amounts of incidental expenditures. For entertainment expenditures, section 1.274-5(b)(3), Income Tax Regs., requires the taxpayer to prove the amount, time, place, and business purpose of the expenditures, and the business relationship of the guest to the taxpayer. Furthermore, the specified elements relating to both travel and entertainment expenditures *260 must be substantiated by adequate records or by other evidence sufficient to corroborate the taxpayer's own statement. The regulations define "adequate records" as an account book, diary, or similar record together with documentary evidence that is sufficient to establish each of the specified elements. Section 1.274-5(c)(2)(i), Income Tax Regs.
The substantiation requirements of section 274 are not required to be satisfied for mileage for local transportation. Under the rule established in Cohan v. Commissioner,39 F.2d 540 (2nd Cir. 1930), this Court may approximate the amount incurred for local transportation, if it is convinced an amount was actually spent. Such an approximation must bear heavily against the taxpayers whose inexactness is of their own making. Looking first at the automobile expenses, respondent asserts that petitioners' failure to maintain an account book, diary, or similar record of their expenses incurred while traveling away from home as required by section 274 and the regulations thereunder precludes the deductibility of such expenses. Respondent further asserts that we should not apply the Cohan rule in the instant case to approximate the amount of local transportation expenses incurred by Miller, since petitioners presented no evidence as to what proportion of the automobile *262 mileage claimed by them represents mileage for local transportation, as opposed to mileage for travel away from home. We agree with both assertions of respondent. In an attempt to support the claimed expenses of traveling away from home, petitioners presented two types of documents: (1) pages from a daily calendar maintained by Mrs. Miller for part of a trip on which she accompanied her husband, generally indicating the weather and petitioners' location each day and (2) three credit card statements and three credit card vouchers. Absent documentary evidence or corroborated testimony as to the business purpose for which petitioners stopped at each of the locations on the trip on which Mrs. Miller accompanied her husband, the notations on the pages of her daily calendar are insufficient to satisfy the substantiation requirements of section 274(d) and the regulations thereunder. Her notations further fail to satisfy section 274(d) and the applicable regulations inasmuch as they do not indicate the amount of Miller's business-related travel expenses. The only elements established by the credit card statements and vouchers are the amount, time, and place of certain expenditures incurred *263 at various hotels, restaurants, and service stations. The statements and vouchers fail to reflect the business purpose of the expenditures. Petitioners have made no attempt to supply this missing element by other documentary evidence or specific testimony corroborated by other evidence. [6]
In short, we find that petitioners have failed to satisfy the substantiation requirements requisite to deductions for traveling expenses. Although *264 the Cohan rule may be applied to local business transportation expenses, petitioners introduced no evidence from which we can reasonably estimate the amount of miles driven in their automobiles for local business purposes. Since petitioners have failed to meet their burden of proof, we have no choice but to sustain respondent's disallowance of the deduction claimed for automobile expenses. Looking next at the entertainment expenses, we think that petitioners have utterly failed to meet the substantiation requirements of section 274(d) and the regulations thereunder with respect to any portion of the claimed $1,080 entertainment deduction. Accordingly, the deduction must be disallowed. The only documentary evidence presented by petitioners to substantiate the claimed deduction is a copy of a receipt from the Flying H. Western Guest Ranch. This receipt has no notations as to the business purpose of the entertainment or the business relationship of the individuals entertained. On cross-examination, Miller testified that the expenditure was made to entertain Carl James and his wife, because Carl James was "a good client and a good customer." Since Miller's testimony fails to establish *265 the existence of any business discussion or activity, it is insufficient to substantiate the business purpose for the expenditure. Section 1.274-5(b)(3)(iv), Income Tax Regs.; Rutz v. Commissioner,66 T.C. 879, 884 (1976). Moreover, no evidence corroborating Miller's testimony was submitted. Rutz v. Commissioner,supra at 885. Miller testified that each year at Christmas he gives a party at his house for local business people who are his customers, a few employees of Zip Kit, and his family. However, his general testimony did not specify, among other things, the dates and business purpose of the entertainment and the amount paid for the entertainment. Moreover, petitioners offered no documentary evidence as to the Christmas party. The third question posed is whether the petitioners are entitled to a deduction for charitable contributions in excess of the amount allowed by respondent. In this connection, the only evidence offered by petitioners at trial was Miller's bald assertion that his children go to churches. Miller's testimony in this regard is clearly insufficient to satisfy petitioners' burden of proof. Moreover, a taxpayer is not entitled to a deduction for a charitable *266 contribution made by a person to whom he has transferred money, unless the taxpayer previously designated that the money transferred was to be used for charitable purposes. Herring v. Commissioner,66 T.C. 308, 312 (1976). Petitioners have not proved that they so designated any funds transferred to their children. Petitioners point out that, in previous audits of five of their tax returns, the Internal Revenue Service made no adjustments to deductions claimed for unreimbursed business expenses in amounts in excess of the amount on their 1977 tax return and for charitable contributions in the amount of $500 or $550. Petitioners argue that, since they presented the same type of evidence when those returns were audited respecting such deductions as they offered at the trial of the instant case, we should allow the deductions at issue herein. Petitioners' argument is essentially one of estoppel, which must be rejected. The Commissioner's approval, through overlooking an error or otherwise, of a deduction claimed on a taxpayer's returns for previous years does not prevent him from disapproving a like deduction on a return for a later year. Coors v. Commissioner,60 T.C. 368, 406 (1973), *267 affd. 519 F.2d 1280 (10th Cir. 1975); Rose v. Commissioner,55 T.C. 28, 31-32 (1970). Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. The amount allowable as a deduction for medical expenses depends upon the amount of petitioners' adjusted gross income and, hence, upon the deductibility of the automobile and entertainment expenses.↩
3. The daily calendar indicates that petitioners started their trip on June 13, 1977 and passed through or stopped at the following locations on the designated dates: ↩
Dates
Location
June 13
San Diego
June 14
Las Cruces, New Mexico
June 15, 16
El Paso, Texas
June 17
Balmorhea State Park
June 18, 19, 20
Austin, Texas
June 21, 22
San Antonio, Texas
June 22, 23
Corpus Christi
June 24, 25
Padre Island, Texas
June 26, 27, 28
Houston, Texas
June 29
Galveston, Texas
June 30
Lake Charles; Lafayette; Baton Rouge
July 1
New Orleans, Louisiana
July 2
Gulf Port, Mississippi
July 3
Tallahassee, Florida
July 4
St. Petersburg, Florida
4. The three cases cited by petitioners in their brief do not support their position. In Fountain v. Commissioner,59 T.C. 696, 707-708 (1973); Harding v. Commissioner,T.C. Memo. 1970-179; and Ellis v. Commissioner,T.C. Memo. 1967-94↩, the issue presented was whether the taxpayers could have been reimbursed by their employers for certain expenses that were paid by them. Here, there is no dispute that Miller could not have been reimbursed for travel expenses in excess of $35 per day. As noted, the issue here is one of substantiation.
5. SEC. 274(d). Substantiation Required.--No deduction shall be allowed-- (1) under section 162 or 212 for any traveling expense (including merals and lodging while away from home), (2) for any time with respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, or with respect to a facility used in connection with such an activity, or unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expenses or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility, or the date and description of the gift, (C) the business purpose of the expense or oher item, and (D) the business relationship to the taxpayer of persons entertained, using the facility, or receiving the gift. The Secretary may be regulations provide that some or all of the requirements of the preceding sentence shall not apply in the case of an expense which does not exceed an amount prescribed pursuant to such regulations.
6. As respondent points out, many of the individual expenditures shown on the credit card statements are for an amount less than $35. It might nevertheless be reasonable to find from the few statements and vouchers submitted that Miller's total travel expenses did exceed the $35 per day reimbursement he received. We are, however, precluded by section 274 from approximating the amount expended by him for travel expenses. Sanford v. Commissioner,50 T.C. 823, 828 (1968), affd. per curiam 412 F.2d 201 (2nd Cir. 1969). Likewise, we note that the offering into evidence of the keys of hotels at which Miller stayed is of no consequence, since we are prohibited by section 274 from applying the rule announced in Cohan v. Commissioner,39 F.2d 540↩ (2nd Cir. 1930).