**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 23 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CORDE FINANCE CORPORATION,

　　　　Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

　　　　Respondent-Appellee.

No. 97-9015
Appeal from U.S. Tax Court
(T.C. No. 27258-93)

**ORDER AND JUDGMENT** *

Before **PORFILIO** , **KELLY** , and **HENRY** , Circuit Judges.

　　　　After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.　See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.　The case is therefore

ordered submitted without oral argument.

---

* 　　This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.　The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Respondent Commissioner of Internal Revenue issued a statutory notice of deficiency to petitioner Cordes Finance Corp., setting forth a deficiency in income taxes for 1990 and a substantial understatement penalty under 26 U.S.C. § 6662(a). [1] In calculating the deficiency, respondent changed petitioner's method of accounting for interest income and, incident thereto, made certain adjustments to petitioner's 1990 income tax return. Petitioner filed a petition in Tax Court disputing the deficiency and penalty. The Tax Court issued a memorandum findings of fact and opinion in favor of respondent and later entered a decision setting forth the amount of the deficiency and understatement penalty. Petitioner appealed. We have jurisdiction to consider this appeal, see 26 U.S.C. § 7482(a)(1), and we affirm.

Petitioner first argues that the Tax Court erred in requiring it to change from one erroneous method of accounting to another erroneous method of accounting. According to petitioner, the change in accounting methods did not accurately reflect income because respondent improperly included deferred interest, which had not been received or realized, as income in 1990.

As petitioner concedes, the Commissioner has broad discretion to determine the propriety of a taxpayer's method of accounting, see Morrissey v. IRS (In re

_____

[1] The notice of deficiency also set forth a fraud penalty under 26 U.S.C. § 6663(a). Petitioner does not dispute the Tax Court's determination that it is required to pay the fraud penalty.

EWC, Inc.) , 114 F.3d 1071, 1073 (10th Cir. 1997), and to require the taxpayer to change its method of accounting if the method employed does not clearly reflect income, see 26 U.S.C. § 446(b); Ralston Dev. Corp. v. United States , 937 F.2d 510, 514 (10th Cir. 1991). "The Commissioner's discretion to prescribe a method that clearly reflects income cannot be disturbed unless it is clearly unlawful or plainly arbitrary." Dayton Hudson Corp. v. Commissioner , 153 F.3d 660, 664 (8th Cir. 1998) (citing Thor Power Tool Co. v. Commissioner , 439 U.S. 522, 532-33 (1979)).

Respondent did not prescribe a method of accounting that was clearly unlawful or plainly arbitrary. The only change in petitioner's method of accounting required petitioner to report its interest income on the accrual method. Petitioner does not take issue with this change. The inclusion of the deferred interest in income in 1990 was not a change in the method of accounting. Rather, it was a one-time adjustment to include as income the discrepancy between the deferred interest amounts shown on petitioner's balance sheet and on its ledger cards. See 26 C.F.R. § 1.446-1(e)(2)(ii)(b). Thus, we conclude respondent did not abuse her discretion in changing petitioner's method of accounting and the Tax Court did not err in upholding the change.

Petitioner next argues that the Tax Court erred in requiring it to include the deferred interest in its income for 1990. Contrary to respondent's determination

that the discrepancy between the amount of deferred interest shown on petitioner's balance sheet and that shown on its ledger cards represented interest that petitioner had failed to report as income, petitioner contends the deferred interest had not been realized at the end of 1990.

The Tax Court found that petitioner did not meet its burden of proof and failed to rebut respondent's determination or to explain the discrepancy. We review the Tax Court's factual findings under a clearly erroneous standard. See Erickson v. Commissioner, 937 F.2d 1548, 1555 (10th Cir. 1991). Our review of the record discloses no clear error. See Adolph Coors Co. v. Commissioner, 519 F.2d 1280, 1284 (10th Cir. 1975). Petitioner failed to support this argument with any specific facts or legal authority. See id. Accordingly, we conclude the Tax Court did not err in requiring petitioner to include the deferred interest in its income for 1990.

Lastly, petitioner argues that the Tax Court erred in imposing an accuracy-related penalty under § 6662(a) for the substantial understatement of income. Petitioner does not dispute that it substantially understated its 1990 income tax liability. Rather, it maintains that it has reasonable cause to avoid the penalty because it relied on the same accounting firm for thirty years for tax advice and return preparation.

-4-

The Tax Court determined that petitioner failed to prove that its accountants had advised it to report its income under an erroneous method of accounting or that the errors in the 1990 income tax return resulted from advice of its accountants. Accordingly, the Tax Court concluded that petitioner failed to show reasonable cause to avoid the penalty. Upon review of the record, we conclude the Tax Court's determination was not clearly erroneous. See <u>Adolph Coors Co.</u>, 519 F.2d at 1284.

The decision of the United States Tax Court is AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge

-5-