T.C. Memo. 2006-50


UNITED STATES TAX COURT


ANTHONY LaCARTER DORSEY AND ANNETTE LaVERNE DORSEY, Petitioners
v. COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 20632-04.                    Filed March 22, 2006.


Anthony LaCarter Dorsey and Annette LaVerne Dorsey, pro se.

Natasha V. Chevalier, for respondent.


MEMORANDUM OPINION


WELLS, Judge: Respondent determined a deficiency of $2,092 in petitioners' Federal income tax for 2002. The issue to be decided is whether petitioners may exclude from gross income a portion of payments that Anthony LaCarter Dorsey (petitioner) received in his capacity as a Junior Reserve Officers' Training Corps (JROTC) instructor. Unless otherwise noted, all section

references are to the Internal Revenue Code, as amended.  Some of the facts have been stipulated and are so found.

## Background

Petitioners are husband and wife.  At the time of the filing of the petition, petitioners resided in Arlington, Texas.

Petitioner retired from the United States Army in 1995, and petitioner was not on active duty for any part of 2002.  During 2002, the Dallas Independent School District (the school district) employed petitioner as a JROTC instructor, and petitioner received wages of $44,347 from the school district.

## Discussion

Although petitioners concede that petitioner was not an "active duty member" of the Armed Forces during 2002, petitioners contend that JROTC instructors are "active members" of the Armed Forces pursuant to Army Regulations 145-2, Junior Reserve Officers' Training Corps Program.[1]  Relying on IRS Publication 3, Armed Forces' Tax Guide (Publication 3), petitioners contend that petitioner's status as an active member of the Armed Forces allows petitioners to exclude from gross income allowances for subsistence, housing, and uniforms in the aggregate amount of $13,968.21.  In support of the exclusion, petitioners testified at trial that the school district received payments from the

---

[1]Ch. 4-3 of Army Regulations 145-2 provides as follows: "Equitable procedures.  Military retirees employed as Junior ROTC instructors are members of the Armed Forces not on active duty."

Federal Government with respect to the school district's employment of petitioner as a JROTC instructor and that petitioner received from the school district monthly statements itemizing the aforementioned allowances. Additionally, petitioners testified that during respondent's audit with respect to a prior tax year an IRS employee instructed them to exclude from gross income allowances for subsistence, housing, and uniforms.

Respondent contends that only active duty members of the Armed Forces are entitled to exclude the allowances in issue. Because petitioner was not an active duty member of the Armed Forces during 2002, respondent contends that petitioners are not entitled to exclude from gross income allowances for subsistence, housing, and uniforms. Rather, respondent contends that payments petitioner received with respect to his employment as a JROTC instructor constitute compensation from the school district for services rendered that must be included in petitioners' gross income for 2002.

We first address petitioners' reliance on Publication 3. The authoritative sources of Federal tax law are statutes, regulations, and judicial decisions. Miller v. Commissioner, 114 T.C. 184, 195 (2000), affd. sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002). Administrative guidance set forth in an informal IRS publication is not an authoritative source of

Federal tax law and does not bind the Government.  Id.  Taxpayers rely on such publications at their own peril.  Id.  Consequently, we will not address petitioners' contentions regarding Publication 3 with respect to the availability of the allowances in issue to JROTC instructors.[2]

Turning to the applicable statutes, regulations, and judicial decisions, section 61(a) provides that gross income includes all income from whatever source derived except as otherwise provided.  Section 1.61-2(b), Income Tax Regs., provides that subsistence allowances, uniform allowances, and other amounts received as commutation of quarters are excluded from gross income.  Furthermore, section 134(a) provides that gross income shall not include any qualified military benefit.[3]

---

[2]Publication 3 states that the "publication covers the special tax situations of active members of the U.S. Armed Forces" and separately lists basic allowances for housing, basic allowances for subsistence, and uniform allowances as "excluded items".  As discussed below, however, retired officers do not receive nontaxable allowances from the Federal Government with respect to their employment as JROTC instructors.  Consequently, we note that Publication 3 does not support petitioners' contentions.

[3]SEC. 134.  CERTAIN MILITARY BENEFITS.

(a) General Rule.--Gross income shall not include any qualified military benefit.

(b) Qualified Military Benefit.--For purposes of this section--

(1) In general.--The term "qualified military benefit" means any allowance or in-kind benefit (other
(continued...)

We must decide whether payments that petitioner received in his capacity as a JROTC instructor represent taxable compensation for services rendered to the school district or are instead nontaxable allowances.

Retired commissioned or noncommissioned officers may serve as instructors in JROTC units pursuant to the following provisions of 10 U.S.C. sec. 2031(d) (2000):

> (d) Instead of, or in addition to, detailing officers and noncommissioned officers on active duty * * * the Secretary of the military department concerned may authorize qualified institutions to employ, as administrators and instructors in the program, retired officers and noncommissioned officers * * * whose qualifications are approved by the Secretary and the institution concerned and who request such employment, subject to the following:
>
> (1) A retired member so employed is entitled to receive the member's retired or retainer pay without reduction by reason of any additional amount paid to the member by the institution concerned. In the case of payment of any such additional amount by the institution concerned, the Secretary of the military department concerned shall pay to that institution the amount equal to one-half of the amount paid to the

---

[3](...continued)
than personal use of a vehicle) which--

> (A) is received by any member or former member of the uniformed services of the United States or any dependent of such member by reason of such member's status or service as a member of such uniformed services, and

> (B) was excludable from gross income on September 9, 1986, under any provision of law, regulation, or administrative practice which was in effect on such date (other than a provision of this title).

retired member by the institution for any period, up to a maximum of one-half of the difference between the member's retired or retainer pay for that period and the active duty pay and allowances which the member would have received for that period if on active duty. Notwithstanding the limitation in the preceding sentence, the Secretary concerned may pay to the institution more than one-half of the additional amount paid to the retired member by the institution if (as determined by the Secretary) the institution is in an educationally and economically deprived area and the Secretary determines that such action is in the national interest.  Payments by the Secretary concerned under this paragraph shall be made from funds appropriated for that purpose.

(2) Notwithstanding any other provision of law, such a retired member is not, while so employed, considered to be on active duty or inactive duty training for any purpose.

It has been held that no part of the amount received from a school district by a retired military officer for services as a JROTC instructor is excludable from gross income as a housing or subsistence allowance.  Lyle v. Commissioner, 76 T.C. 668, 674-678 (1981), affd. without published opinion 673 F.2d 1326 (5th Cir. 1982); Bynam v. Commissioner, T.C. Memo. 2001-142; Tucker v. Commissioner, T.C. Memo. 1999-373.  JROTC instructors are employed by the educational institutions in which they teach and not by the Federal Government.  10 U.S.C. sec. 2031(d); Lyle v. Commissioner, supra at 674; Bynam v. Commissioner, supra; Tucker v. Commissioner, supra.  Accordingly, a JROTC instructor receives income from the school as compensation for services rendered and not by reason of that instructor's status as a member or former member of the Armed Forces.  Lyle v. Commissioner, supra at 674.

Consequently, we conclude that payments petitioner received with respect to his employment as a JROTC instructor constitute compensation for services rendered to the school district. Petitioner's status as a member or former member of the Armed Forces therefore has no effect on the inclusion of such payments in gross income.

As stated in Lyle v. Commissioner, supra at 674: "we think that Congress never intended to pay any nontaxable 'allowances' to retired officers serving as Junior ROTC instructors." The provisions of 10 U.S.C. sec. 2031(d)(1) do not authorize the Federal Government to pay nontaxable allowances to retired military personnel serving as JROTC instructors but merely provide a formula for computing the minimum "additional amount" of compensation that such retired instructors may receive from the employing school and the maximum portion of such an additional amount that will be reimbursed by the Federal Government. Lyle v. Commissioner, supra at 675. Consequently, monthly statements petitioner received from the school district itemizing allowances represented the amount of reimbursement available to the school district from the Federal Government pursuant to 10 U.S.C. sec. 2031(d)(1) rather than actual allowances excludable from petitioners' gross income.

For the foregoing reasons, we conclude that petitioner received compensation from the school district and received no qualified military benefit for purposes of section 134(b) with respect to his services as a JROTC instructor.  No portion of petitioner's income from the school district is excludable from petitioners' 2002 gross income.[4]

To reflect the foregoing,

Decision will be entered for respondent.

[4]We note that respondent, if he permitted these allowances to be excluded from petitioners' income for any prior tax year, would not be bound thereby to do the same for the year in suit. See Coors v. Commissioner, 60 T.C. 368, 406 (1973), affd. 519 F.2d 1280 (10th Cir. 1975); Union Equity Coop. Exch. v. Commissioner, 58 T.C. 397, 408 (1972), affd. 481 F.2d 812 (10th Cir. 1973); Leubert v. Commissioner, T.C. Memo. 1983-457.