IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 98-60263
(Summary Calendar)

HARRY NEAL BALL; HELEN PATRICIA BALL,

                              Petitioners-Appellants,

versus

COMMISSIONER OF INTERNAL REVENUE,

                              Respondent-Appellee.

- - - - - - - - - - - - - -
Appeal from the Decision of the
United States Tax Court
- - - - - - - - - - - - - -
December 31, 1998

Before JOLLY, SMITH, and WIENER, Circuit Judges.

WIENER, Circuit Judge.

Petitioners-Appellants Harry Neal Ball and Helen Patricia Ball, husband and wife, appeal from the judgment of the United States Tax Court ("Tax Court") holding that $8,705.59 — being one-half of the lump sum separation and severance payment made to Mrs. Ball by her former employer pursuant to a "Separation Agreement" executed contemporaneously with the theretofore unannounced termination of employment by her former employer — should have been included in gross income for the year in which she received the payment. Agreeing with the Tax Court, we affirm.

The Separation Agreement identified the single payment to Mrs. Ball as comprising equal amounts for separation and for severance. The return position taken by the Balls was that the half attributable to separation, as distinguished from severance, was excludable from gross income under Internal Revenue Code (I.R.C.)

§ 104(a)(2). They contend that the separation portion of the payment was in settlement of tort-like claims that Mrs. Bell might have against her employer, such as claims for personal injury or sickness. The Tax Court ruled in favor of the Commission, concluding that the entire severance and separation payment was taxable compensation. The Tax Court grounded its holding in the uncontested facts that (1) at the time Mrs. Ball was fired, was handed the Separation Agreement and the Release Agreement, and signed them, she had no claims of any nature, asserted or unasserted, against her former employer — as the Balls have stipulated — and (2) the "laundry list" of the types of federal, state, and local claims that were being released by Mrs. Ball, expressly including without limitation, Title VII, ADEA, EPA, ADA, ERISA, and F&MLA, does not somehow convert the Release Agreement into a settlement of one or more actual claims for personal injury or sickness.

We have carefully reviewed the appellate briefs of the parties, the entire record — including every word of the trial transcript, the Balls' trial memorandum, and the Tax Court's Memorandum Findings of Fact and Opinion — and are satisfied that the judgment of the Tax Court must be affirmed for the reasons set forth in its opinion. The applicable section of the I.R.C. clearly requires the existence of a justiciable claim of the type identified therein and an express settlement and disposition of such an extant claim. The case law is substantial, clear, and unanimous to the effect that releases of the broad, generic type

2

signed by Mrs. Ball in connection with the termination of her employment —— at a time when no claims exist, whether or not previously asserted or articulated —— do not fall within the ambit of I.R.C. § 104(a)(2). Consequently, payments of the nature made to Mrs. Ball by her former employer, whether labeled severance or separation, are not excludable from gross income.

AFFIRMED.