**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 30 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DAVID R. GREEN and CAROLYN B.
GREEN,

      Petitioners - Appellants,

vs.

COMMISSIONER OF INTERNAL
REVENUE SERVICE,

      Respondent - Appellee.

No. 98-9037
(T.C. Nos. 8933-94, 6564-96,
26100-96 )
(T.C. Memo. 1998-274)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **KELLY**, and **LUCERO**, Circuit Judges.[**]

---

Petitioner-Appellants, David R. Green and his former wife, Carolyn B.

Green, (taxpayers) appeal from three decisions of the Tax Court upholding federal

income tax deficiencies for 1991-1995, and accuracy-related penalties for 1994

and 1995. The deficiencies arose from the taxpayers not including in gross

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

income $18,120 per year of a $36,000 annuity paid by Washington National Insurance Co. (WNIC). Taxpayers received the annuity payments from WNIC in settlement of a lawsuit over the termination of Mr. Green's general agency. The Tax Court found that none of the payments were "on account of personal injuries or sickness," 26 U.S.C. § 104(a)(2) (1995), or derived from settlement of an action "based upon tort or tort type rights," 26 C.F.R. § 1.104.1(c); accordingly, they were includable in gross income. See Green v. Commissioner, T.C. Memo. 1998-274 at 15-16, 76 T.C.M. (CCH) 189, 1998 WL 419426 (1998). The accuracy-related penalties arise from the taxpayers not including the $18,120 amount in gross income in 1994 and 1995, despite an adverse determination on the same issue by the Tax Court for tax year 1991. See id. at 17-18 (citing Green v. Commissioner, No. 8933-94S, T.C. Summary Op. 1995-167 at 11 (Sept. 5, 1995)). Our jurisdiction arises under 26 U.S.C. § 7481(a)(1) and we affirm.

The parties are familiar with the facts and they are contained in the Tax Court's memorandum opinion. See Green v. Commissioner, T.C. Memo 1998-274, 76 T.C.M. (CCH) 189, 1998 WL 419426 (1998). We need not restate them here. We review a Tax Court decision in the same manner as a district court decision in a civil matter tried without a jury. See 26 U.S.C. § 7482(a)(1). Thus, we review legal issues de novo and findings of fact for clear error. See Jeppsen v. Commissioner, 128 F.3d 1410, 1415 (10th Cir. 1997).

On appeal, taxpayers argue that (1) the government is barred by principles of res judicata or collateral estoppel from denying the personal injury exclusion for subsequent tax years (1991-1995) based upon a settlement in small tax case (tax year 1990) where the government conceded the personal injury exclusion issue; (2) by contesting the exclusion for tax years 1991-1995, the government is now seeking a review of the small tax case which is prohibited by 26 U.S.C. § 7463(b); (3) the payments were the result of a structured settlement of a bona fide personal injury claim under 26 U.S.C. § 104(a)(2), as it existed in 1987; (4) the Tax Court failed to give due weight to presumptions that favor the taxpayers in rebutting the presumption of correctness accompanying the government's deficiency determination; (5) the injuries that were inflicted upon Mr. Green were personal injuries, rather than legal injuries of an economic character, see United States v. Burke, 504 U.S. 229, 239 (1992); and (6) the negligence penalty is unwarranted because the taxpayers had substantial legal support for the position taken and it cannot be sustained as a matter of law.

The government is not barred by principles of res judicata or collateral estoppel from denying the personal injury exclusion. The government's concession of the personal injury issue for tax year 1990 would not bar subsequent litigation for different tax years on res judicata grounds; res judicata only precludes relitigation of the same claim in the same tax year. See

- 3 -

Commissioner v. Sunnen, 333 U.S. 591, 598 (1948). Although collateral estoppel may apply to attempts to relitigate the same issue in different tax years, an essential prerequisite is that the issue was "actually presented and determined in the first suit." Id. We have reviewed the documents pertaining to the tax settlement; only the 1990 tax year was involved and the personal injury issue was resolved without any determination by the tax court. The decision by the tax court merely incorporated the parties' stipulation of settlement with no findings or conclusions on the merits of the personal injury exclusion. Thus, the 1990 decision is an insufficient basis for application of collateral estoppel. See United States v. International Bldg. Co., 345 U.S. 502, 505-06 (1953); Adolph Coors Co. v. Commissioner, 519 F.2d 1280, 1283 (10th Cir. 1975).

Nor can we conclude that, by contesting the exclusion for tax years 1991-1995, the government is now seeking review of the small tax case (tax year 1990). Under § 7463(b), a decision in a small tax case is final, unappealable and nonprecedential. Tax year 1990 is not before us; and § 7463(b) does not alter traditional principles of collateral estoppel.

Taxpayer's arguments (3)[1] - (5) are in reality arguments that the tax court

---

[1] At a hearing in the small tax case, the government responded that it would not concede the 1991 tax year because of its concern about another issue. This comment in response to a gratuitous question by the special trial judge simply does not amount to a binding concession that the personal injury exclusion issue would not be pursued in subsequent years. Courts can only decide what is

erred in rejecting taxpayer's position that the payments in their entirety were in settlement of personal injury claims. That inquiry is guided by the legal standards in <u>Commisioner v. Schleier</u>, 515 U.S. 323, 337 (1995), but it is essentially a factual one, <u>see</u> <u>Knuckles v. Commissioner</u>, 349 F.2d 610, 612 (10th Cir. 1965). On the returns, the taxpayer indicated that only a portion of the payment was excludable ($18,120); in these proceedings, the taxpayer contends that the entire amount ($36,000) is excludable. The Tax Court determined as a matter of law on cross motions for summary judgment that the $18,120 amount was awarded for legal injuries of an economic character and therefore could not be excluded. After a trial, the Tax Court found that the remaining amount ($17,880) was not excludable because it was in settlement of breach of contract claims. The Tax Court focused on the nature of the claim underlying the settlement payments, <u>see</u> <u>Burke</u>, 504 U.S. at 237, and its findings are supported by documentary evidence from the trial leading to the settlement and the settlement itself. We will not disturb the trial court's findings of fact unless clearly erroneous, even if based largely on documentary evidence. <u>See</u> <u>Anderson v. City of Bessemer City</u>, 470 U.S. 564, 574 (1985). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." <u>Id.</u>

There must be "an express settlement and disposition of . . . an extant

---

before them–only the 1990 tax year was at issue in the small tax case.

[personal injury] claim" to qualify for exclusion under § 104(a)(2). Ball v. Commissioner, 163 F.3d 308, 309 (5th Cir. 1998). Thus, the settlement agreement must reflect the resolution of a bona fide dispute. See Taggi v. United States, 35 F.3d 93, 96 (2d Cir. 1994). Mr. Green did not cross-appeal from any implicit rejection of his tort claims by the federal district court. Tr. 47-48. On this record, we cannot conclude that the Tax Court's finding that the payments were in settlement of contract claims, rather than personal injury claims, is clearly erroneous. We must reject taxpayers' contentions that the Tax Court was required to credit testimony supporting a contrary finding or should have construed the settlement as an accord and satisfaction of assigned contract claims and personal tort claims, including wrongful termination.

Finally, taxpayers' challenge to the accuracy-related penalty, 26 U.S.C. § 6662(a), (b)(1) (negligence); 26 C.F.R. § 1.6662-2(a)(1), is unavailing. The penalty may be imposed for a "a failure to make a reasonable attempt to comply" with the tax laws. 26 U.S.C. § 6662(c); 26 C.F.R. § 1.662-3(b)(1). The taxpayers argue that they adequately disclosed the gross amount of the annuity, see 26 U.S.C. § 6662(d)(2)(B)(ii); 26 C.F.R. § 1.6662-4(e), although not including $18,120 in gross income. They also argue that their position was supported by "substantial authority for such treatment," 26 U.S.C. § 6662(d)(2)(B)(i); 26 C.F.R. § 1.6662-4(d), given that they settled the small tax case on favorable

terms. They urge the court to look at the $17,880 amount that <u>was</u> included in gross income, notwithstanding that the tax treatment of that portion had yet to be resolved by the tax court trial.

The accuracy-related penalty does not apply where the taxpayer establishes reasonable cause and good faith regarding the underpayment, or the position in the return is adequately disclosed. <u>See</u> 26 U.S.C. § 6664(c)(1); 26 C.F.R. §§ 1.6662-3(a); 1.6664-4(a). We uphold the Tax Court's factual findings with respect to § 6662 unless they are clearly erroneous. <u>See</u> <u>Little v. Commissioner,</u> 106 F.3d 1445, 1449 (9th Cir. 1997); <u>cf.</u> 26 C.F.R. § 1.6664-4(b)(1). The taxpayers' exclusive reliance upon the small tax case settlement was not objectively reasonable once the Tax Court determined as a matter of law on summary judgment that the $18,120 was includable in gross income. The 1994 and 1995 returns were filed <u>after</u> the Tax Court's determination. While it is true that the returns did report the gross amount of the annuity ($36,000), and did include $17,880 of that amount as gross income, the subject of the negligence penalty is the $18,120 that was not so included and should have been, or at least should have been adequately disclosed. No one contests the taxpayers' right to appeal the Tax Court's decisions on this amount–but once the Tax Court had made its determination, the legal landscape of the taxpayers' position had shifted, at least insofar as disclosure. We find no error in the Tax Court's resolution of

this issue.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge